69 So.2d 15

STATE v. LEMOINE.

No. 41448.

Dec. 14, 1953.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Charles A. Riddle, Jr., Dist. Atty., Marksville, for appellant.

Earl Edwards, Marksville, for Wilston Lemoine, defendant-appellee.

HAMITER, Justice.

Wilston Lemoine, the defendant, was charged with violating, on or about April 1, 1953, Article No. 74 of the Louisiana Criminal Code (as amended), entitled "Criminal Neglect of Family", in that he allegedly failed and neglected to provide for his illegitimate minor child who is in necessitous circumstances. The offense denounced by that Article, LSA–R.S. 14:74, is defined, insofar as pertinent, as the desertion or intentional nonsupport by either parent of his minor child, whether legitimate or illegitimate, who is in destitute or necessitous circumstances.

As shown by an agreed statement of facts the child involved, a boy more than two years of age at the time of the filing of the criminal charge, was conceived and born while his mother was married to a person other than this defendant; that there has been no dissolution of the marriage; that continuously since the birth all parties have resided in Avoyelles Parish; and that the husband has never contested the paternity of the child and the time for instituting the action en desaveu has expired.

Predicated on these facts a motion to quash was filed, the defendant asserting therein that he is under no obligation to support the child who is the lawful offspring of the mother's husband. It was overruled. Also, during the trial, he objected to any evidence tending to show that he is the child's father. The court overruled the objection, admitted evidence to that effect, found defendant guilty, and remanded him for sentence. A motion for a new trial followed, and it was likewise overruled.

As a last resort, relying on the facts originally agreed upon and urging the same defense tendered by his previously overruled motions, defendant moved for an arrest of the judgment and that he be discharged and his bond cancelled. The court sustained this motion, and the State is appealing.

Our decision in State v. Randall, 1951, 219 La. 578, 53 So.2d 689, supports the ruling of which the State complains and is decisive of this appeal. Therein, the defendant was charged with the same offense, and an identical factual situation

was presented. We concluded that the provisions of Criminal Code Article 74 were inoperative as to the defendant for the reason that the child, under LSA–Civil Code Article 179 et seq. and in view of the circumstances existing, was conclusively presumed to be the legitimate offspring of the husband of the child's mother.

On this appeal the State does not question the soundness of the decision in the Randall case, and, according to the brief of counsel, it "agrees that the jurisprudence prior to 1952 would have sustained the position of the defense." Its contention is that Act 368 of 1952, which amended Criminal Code Article 74, was adopted for the purpose of forcing any person to support his illegitimate child "regardless of any prior civil acknowledgment and regardless of whether or not the husband of the mother has taken advantage of the provisions of the Code with respect to the filing of an action to disavow his paternity", all as is particularly disclosed by that portion of the amending statute which reads:

"In the case of an illegitimate child, evidence may be introduced in the proceedings hereunder to prove paternity or maternity. This proof shall be made in accordance with the rules established by the Revised Civil Code of 1870, as amended, as for proof of paternity or maternity for civil purposes. Such proof, however, shall be used solely as the basis for the duty to support an illegitimate child established by this article, and shall not be construed as establishing any civil obligation."

Whatever the purpose of these quoted provisions, clearly they are inapplicable to the child involved here or to this defendant. They, as recited therein, relate only to illegitimate children; whereas, in the eyes of the law, by reason of the above mentioned conclusive, absolute, irrebuttable presumption of paternity, the instant child is deemed a legitimate offspring of his mother's hubsand, not an illegitimate descendant of the defendant.

For the reasons assigned the judgment appealed from is affirmed.

LE BLANC, J., absent and takes no part.